UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| PAM SMITH, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:15-CV-10 |
| | ) |
| PHH MORTGAGE CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Defendant PHH Mortgage Corporation removed this case here on January 12, 2015, from Dekalb Superior Court, Indiana, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Docket # 1.) In the Notice of Removal, PHH Mortgage alleges that it is a New Jersey corporation with its principal place of business located in New Jersey; that Defendant Nationwide Affinity Insurance Company is an Iowa corporation with its principal place of business located in Iowa; and that "[u]pon information and belief, Plaintiff [Pam Smith] is a resident of Dekalb County, Indiana." (Notice of Removal ¶¶ 5-7.)

PHH Mortgage's allegations of Plaintiff's citizenship, however, are inadequate in two ways. First, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

Second, residency of an individual is meaningless for purposes of diversity jurisdiction;

an individual's citizenship is determined by her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, the Court must be advised of Plaintiff Pam Smith's domicile, rather than residence, as the former determines citizenship.

Therefore, PHH Mortgage is ORDERED to supplement the record on or before January 27, 2015, by filing an amended notice of removal that properly recites each party's citizenship.

SO ORDERED.

Enter for this 13th day of January 2015.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge