**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| PAM SMITH, )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>PHH MORTGAGE CORPORATION )<br>d/b/a PHH Mortgage Services, )<br>and NATIONWIDE AFFINITY )<br>INSURANCE COMPANY, )<br>)<br>    **Defendants.** ) | Case No. 1:15-cv-00010-JTM-SLC |

**OPINION AND ORDER**

  Before the Court is a Motion to Compel Documents (DE 35) filed by Plaintiff Pam Smith, asking that the Court order Defendant Nationwide Affinity Insurance Company ("Nationwide") to produce its claims handling manuals and instructional materials or guidelines that were provided to the claim handlers involved in denying her claim for insurance coverage ("claims handling materials") in response to her discovery requests. Smith states that Nationwide will not produce the claims handling materials without Smith signing a stipulated protective order, which she believes is an unreasonable and unnecessary request.

  Also before the Court is Nationwide's Motion for Protective Order (DE 37) under Federal Rule of Civil Procedure 26(c). Nationwide asks that the Court enter its proposed protective order (DE 38-3) to prevent Smith from disclosing the claims handling materials to third parties after Nationwide produces them. Smith opposes Nationwide's motion, asserting that the claims handling materials do not constitute protectable information under Rule 26. (DE 39). Both of these motions are now ripe for ruling. (DE 38; DE 39; DE 40).

For the following reasons, Nationwide's motion for protective order will be GRANTED, and Smith's motion to compel will be DENIED as moot.

### A. Factual and Procedural Background

Smith filed this action against Defendants Nationwide and PHH Mortgage Corporation ("PHH") in DeKalb Superior Court on December 5, 2014, after a fire destroyed her home and Nationwide denied her insurance claim. (DE 3). Smith's claims are twofold: (1) that Nationwide's denial of coverage breached her insurance contract, and (2) that Nationwide acted in bad faith both in making the decision to deny her claim and in the manner in which it handled the claim. (DE 3 ¶¶ 10, 13-14). After PHH timely removed the case here (DE 1), the Court conducted a preliminary pretrial conference on February 26, 2015, setting a discovery deadline of March 12, 2016 (DE 20).

On March 24, 2015, Nationwide sought an extension of time to respond to Smith's First Set of Interrogatories and First Request for Production of Documents due to "the voluminous nature of the documents requested." (DE 22 ¶ 3). The Court granted the motion (except with regard to Interrogatory No. 4), affording Nationwide an extension to April 21, 2015. (DE 24).

On May 7, 2015, Nationwide filed a motion to bifurcate Smith's claims and stay discovery of the bad faith claim (DE 25), which the District Judge denied on July 14, 2014 (DE 34). On August 20, 2015, the parties filed the instant motions (DE 35, 37), which are now fully briefed (DE 38; DE 39; DE 40).

### B. Applicable Law

The Seventh Circuit Court of Appeals has stated that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676,

681 (7th Cir. 2002) (citations omitted). Under Federal Rule of Civil Procedure 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." "The rule facilitates disclosure." *Star Scientific, Inc. v. Carter*, 204 F.R.D. 410, 413 (S.D. Ind. 2001). "If [parties] suspect that their trade secrets may fall into the wrong hands, parties may be uncooperative with respect to discovery requests. Assuring the safety of these sensitive disclosures often has the effect of encouraging the apprehensive litigants to fully cooperate with the discovery process." *Id.* at 413-14 (alteration in original) (citation omitted).

"The movant bears the burden of showing good cause, and such burden must be satisfied with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.'" *Patt v. Family Health Sys., Inc.*, 189 F.R.D. 518, 522 (E.D. Wis. 1999) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (2nd ed. 1994)); *see also Ezell v. Potter*, No. 2:01 CV 637, 2006 WL 1094558, at *1 (N.D. Ind. Mar. 16, 2006); *see generally Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." (citations omitted)). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.*, 178 F.3d at 946. That is, a protective order must not be "so loose that it amounts . . . to giving each party carte blanche to decide what portions of the record shall be kept secret." *Id*. at 945; *see MRS Invs. v. Meridian Sports, Inc*., No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp*., 206 F.R.D. 244, 248-49 (S.D. Ind. 2001). On that score, the Seventh Circuit Court of Appeals has explained:

> We do not suggest that all determinations of good cause must be made on a document-by-document basis. In a case with thousands of documents, such a requirement might impose an excessive burden on the district judge or magistrate judge. There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

*Cincinnati Ins. Co.*, 178 F.3d at 946.

### C. Discussion

Nationwide contends that its claims handling materials are proprietary and confidential, and as such, need to be governed by a protective order to prevent Smith from disclosing them to third parties. In support, Nationwide submits the affidavit of Peter D. Lore, Associate Vice President of Claims for Nationwide, attesting that its claims handling materials are unique to Nationwide, have been developed at great expense, and are protected from the public and competitors through Nationwide's security restrictions on its computer systems, business premises, and employees. (DE 38-1). As such, Lore states that "[i]t would be extremely

4

injurious to Nationwide's competitive position in the marketplace if its claims handling manuals and training materials became public." (DE 38-1 ¶ 8).

Smith, however, asserts Mr. Lore's assertions lack foundation and that a protective order is unreasonable and unnecessary. (DE 39). She claims that "[w]hile it is not uncommon for a carrier to claim that the information is a confidential trade secret, it has been the experience of [her counsel] that these claims are often unfounded." (DE 39 ¶ 4). Smith suggests that the claims handling materials be submitted to the Court for an *in camera* review to determine whether such materials should be sealed from public view. (DE 39 ¶ 7).

In *Hamilton v. State Mutual Automobile Insurance Co.*, the court considered State Farm's request for a protective order under Rule 26(c) with respect to its claims handling materials. 204 F.R.D. 420 (S.D. Ind. 2001). The court concluded that the materials were trade secrets, stating:

> State Farm presents sufficient evidence that its claims handling materials constitute trade secrets. State Farm demonstrates that: (1) the claims handling procedures and materials were developed with considerable time, effort, and expense, thus possess economic value; (2) the materials were developed, created, and maintained for business use and considered confidential and proprietary; (3) the documents contain claims handling philosophies and strategies unique to State Farm; (4) access of the materials by a competitor would result in economic value to the competitor and place it in a competitive advantage; and (5) the materials are in locking file cabinets and/or in areas not open to the public.

*Id*. at 423. The court then found that State Farm had made "a sufficient showing of good cause" for the entry of a protective order "by demonstrating a clear danger if its trade secrets are discovered by its competitors." *Id*. at 424.

Here, too, the Court finds Nationwide's allegations of harm in the event of disclosure sufficiently specific to constitute good cause for the entry of its proposed protective order. Smith's arguments—which are based on its counsel's "experience" rather than citation to legal

5

authority (DE 39 ¶ 4)—are wholly unpersuasive. It is important to remember that Rule 26(c) does not limit a court to entering a protective order solely for trade secrets; rather, a court may also enter a protective order to protect "other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). As explained earlier, Rule 26(c) is designed to "facilitate[] disclosure." *Star Scientific, Inc.*, 204 F.R.D. at 413. Providing Nationwide with some assurance that its trade secrets or other proprietary and confidential information will not fall into a competitor's hands will certainly encourage it to more fully cooperate with the discovery process. *See id*. at 413-14.

The Court has reviewed Nationwide's proposed protective order and finds that it satisfies the requirements of Seventh Circuit case law and Rule 26(c). "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). Nationwide's proposed order is limited to pretrial discovery and does not permit filings under seal without a further court order. (DE 38-3 at 2). As such, the protective order enjoys a lesser level of scrutiny.

Accordingly, Nationwide's motion for protective order will be granted, and its proposed protective order will be approved. Because the entry of the protective order resolves the parties' dispute concerning Nationwide's production of the claims handling materials, Smith's motion to compel production of documents will be denied as moot.

### D. *Conclusion*

For the foregoing reasons, Nationwide's Motion for Protective Order (DE 37) is GRANTED. Nationwide's proposed protective order is APPROVED and ADOPTED as an

Order of the Court in the form submitted with its motion (DE 38-3). As provided on page 2 of the protective order, the Order is limited to pre-trial discovery only, and thus, **NO DOCUMENT OR PORTION OF A DOCUMENT WILL BE MAINTAINED UNDER SEAL IN THE ABSENCE OF AN AUTHORIZING STATUTE, COURT RULE, OR FURTHER LEAVE OF COURT**. *See* N.D. Ind. L.R. 5-3. Nationwide is expected to produce the responsive documents to Smith forthwith pursuant to the protective Order. Smith's Motion to Compel Production of Documents (DE 35) is DENIED AS MOOT.

SO ORDERED.

Entered this 15th day of September 2015.

s/ Susan Collins
Susan Collins,
United States Magistrate Judge
